UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

T'CHALLO RADFORD,

                Petitioner,

                    **DECISION AND ORDER**
   v.                           08-CV-955A
                               08-CV-953A
                               00-CR-44A
UNITED STATES OF AMERICA,        99-CR-127A

                Respondent.

---

**I.    INTRODUCTION**

Pending before the Court are identical motions under 28 U.S.C. § 2255 that petitioner T'Challo Radford filed in two separate criminal cases, Case No. 99-CR-127 (the "1999 Case") and Case No. 00-CR-44 (the "2000 Case"). Petitioner filed the same motion in both cases because the underlying facts of the cases occurred closely in time and because he was sentenced for both cases in one joint proceeding. Through his twin motions, petitioner seeks vacation of his convictions and joint sentence because his trial counsel had irreconcilable conflicts of interest and failed to prosecute the case properly; and because his appellate counsel gave him bad advice that caused him to miss the filing deadline for a petition for a writ of certiorari to the United States Supreme Court. Respondent opposes the motions by asserting that this Court cannot

address petitioner's concern about the late filing, and that the United States Court of Appeals for the Second Circuit addressed all of petitioner's other arguments on direct appeal. For the reasons below, the Court will deny the pending motions.

## II.  BACKGROUND

Petitioner's underlying criminal cases concerned multiple allegations of mail fraud and bank fraud as part of a conspiracy to make money by manipulating worthless check deposits in fictitious bank accounts. On September 14, 1999, respondent filed a multiple-count indictment in the 1999 Case against petitioner and six co-defendants. Specifically, the indictment from the 1999 Case charged petitioner with five counts of bank fraud in violation of 18 U.S.C. § 1344, three counts of mail fraud in violation of 18 U.S.C. § 1341, three counts regarding fraudulent use of a Social Security number in violation of 42 U.S.C. § 408, one count of conspiracy in violation of 18 U.S.C. § 371, and one count of making a false statement in violation of 18 U.S.C. § 1001. The next year, respondent filed an indictment in the 2000 Case charging petitioner with one count of conspiracy in violation of 18 U.S.C. § 371 and one count of possessing counterfeit securities with intent to deceive in violation of 18 U.S.C. § 513(a). In late March and early April 2000, the Court presided over a trial for the counts from the 1999 Case. A jury convicted petitioner on all of the counts against him in the 1999 Case. Petitioner pled guilty to the conspiracy count from

the 2000 Case. This Court sentenced petitioner on all counts from both cases on August 30, 2000. The Court sentenced petitioner to a term of imprisonment of 80 months for Counts 1, 2, 4, 9, 10, and 11, and 60 months for Counts 3, 5, 6, 7, 8, 12, and 13, all from the 1999 Case, each term to run concurrently with the other; along with a term of imprisonment of seven months for Count 1 in the 2000 Case, with that term to run consecutive to the terms from the 1999 Case. The Court also ordered restitution in the amount of $174,024, due immediately under particular terms of monthly installments.

After sentencing, petitioner appealed his conviction and sentence to the Second Circuit. Petitioner raised several issues on appeal. First, petitioner argued that the language of the plea agreement from the 2000 Case did not constitute a waiver of his right to raise all of the other issues that he raised on appeal. Second, petitioner argued that he received ineffective assistance of counsel in that trial counsel represented other co-defendants during the history of the 1999 and 2000 Cases, thereby creating an irreconcilable conflict of interest. Third, petitioner argued that he received ineffective assistance of counsel in that trial counsel failed to make any pretrial motions and failed to prosecute the sentencing phase of his cases properly. Fourth, petitioner argued that the terms of restitution imposed at sentencing did not properly account for his ability to pay. The Second Circuit resolved petitioner's appeal in an unpublished decision dated February 18, 2004. *See U.S. v. Laws*, 88 Fed.

App'x 448, 2004 WL 322706 (2d Cir. Feb. 18, 2004), *vacated and remanded on other grounds sub nom. Radford v. U.S.*, 543 U.S. 1106 (2005) (mem).[1] In its decision, the Second Circuit decided that petitioner's plea agreement did not prevent him from arguing a conflict of interest or an error in the terms of restitution. With respect to petitioner's arguments about conflicts of interest, the Second Circuit "carefully considered [his] arguments in the light of the Supreme Court's decision in *Mickens v. Taylor*, 535 U.S. 162 (2002), and our decision in *United States v. Blount*, 291 F.3d 201, 210-11 (2d Cir. 2002), *cert. denied sub nom. Streater v. United States*, 537 U.S. 1141 (2003), and find them to be without merit." *Laws*, 88 Fed. App'x at 451. With respect to petitioner's argument about failure to make pretrial motions or otherwise to prosecute the case properly, the Second Circuit concluded "that the conduct of Radford's attorney was objectively reasonable. Moreover, Radford also has failed to establish a reasonable probability that but for his counsel's alleged errors, the result of the proceedings would have been different." *Id.* The Second Circuit agreed with petitioner only with respect to his argument about terms of restitution, and remanded for resentencing on that basis alone. This Court resentenced petitioner on December 23, 2004 in accordance with the Second

---

[1] The only reason for the remand was to have the Second Circuit reconsider the case in light of the then-recent Supreme Court case of *U.S. v. Booker*, 543 U.S. 220 (2005).

Circuit's decision. After reconsideration proceedings in light of *Booker* that are not relevant to the pending motion, the Second Circuit ultimately granted summary affirmance of petitioner's conviction and sentence on November 2, 2007.

The pending motions followed all of petitioner's proceedings on direct appeal. Petitioner filed the motions on December 23, 2008 and submits four grounds for habeas relief. First, petitioner argues again that he received ineffective assistance of counsel in that his trial counsel had conflicts of interest that could not be waived or otherwise reconciled. Second, petitioner argues again that he received ineffective assistance of counsel in that trial counsel failed to file any pretrial motions. Third, petitioner argues that he received ineffective assistance of counsel, in that his appellate counsel caused his petition for a writ of certiorari to the Supreme Court to be untimely because of bad advice about deadlines. Fourth, petitioner argues again that he received ineffective assistance of counsel because of the failure to file pretrial motions, though here petitioner mentioned specifically that trial counsel failed to file pretrial motions challenging the search warrant in question as overly broad. In opposition to the motions, respondent contends that the Second Circuit addressed petitioner's first, second, and fourth arguments on direct appeal. As for petitioner's third argument, respondent takes no position on the merits of the

argument but asserts instead that any relief necessary must come from the Second Circuit because this Court would lack the authority to grant it.

## III. DISCUSSION

To prevail on his motions, petitioner must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "But unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . . [A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *U.S. v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citations omitted). The Court will review the four arguments in petitioner's motions in this general context.

### A. *Issues Raised on Direct Appeal*

"The law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court. Applying this general principle, we have held that section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal. Nevertheless, application of the doctrine remains a matter of discretion, not jurisdiction. We may find it

appropriate to reconsider an earlier decision when we are confronted with an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *U.S. v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007) (internal quotation marks and citations omitted). Here, the Second Circuit already considered petitioner's arguments about conflicts of interest and found them to be without merit. The Second Circuit already reviewed the conduct of trial counsel, found it objectively reasonable, and concluded that the outcomes of petitioner's cases would not have changed even if petitioner were correct about trial counsel's conduct. Petitioner raised no information or issues in the first, second, and fourth arguments of the pending motions that the Second Circuit did not consider when issuing its decision. Trial counsel's one-year suspension from the practice of law in 2008, *see In re Goldstein*, 849 N.Y.S.2d 830 (App. Div. 2008), does not require a different analysis because it rested on facts known to the Second Circuit when it issued its decision. Accordingly, this Court rejects those arguments as barred by the law of the case.

      **B.**    ***Untimely Filing of Petition for Writ of Certiorari***

The third argument in petitioner's pending motions is somewhat similar to the "single question" that a petitioner asked the Supreme Court once when an appointed attorney did not help a petitioner file a timely writ of certiorari: "What remedy is available for petitioner when [a] court-appointed attorney failed and

refused to file [a] timely petition for writ of certiorari in defiance of the petitioner's written request that same be done?" *Wilkins v. U.S.*, 441 U.S. 468, 469 (1979). Accepting at face value petitioner's contention that his appointed appellate counsel somehow caused petitioner to file his petition out of time, the answer to the *Wilkins* question and any question like it lies with the Second Circuit. *See Wilkins*, 441 U.S. at 469 ("Had the petitioner presented his dilemma to the Court of Appeals by way of a motion for the appointment of counsel to assist him in seeking review here, the court then could have vacated its judgment affirming the convictions and entered a new one, so that this petitioner, with the assistance of counsel, could file a timely petition for certiorari.") (citations omitted); *Nnebe v. U.S.*, 534 F.3d 87, 91 (2d Cir. 2008) ("As suggested by *Wilkins*, we construe Nnebe's appeal as a motion to recall the mandate and vacate our judgment so that a new one can be entered in order to afford him an opportunity to petition for certiorari.") (citations omitted). This Court rejects petitioner's argument because it has no authority to act on it and must defer to the Second Circuit for a resolution.

IV. **CONCLUSION**

For all of the foregoing reasons, the Court denies petitioner's Section 2255 motions in Case Nos. 99-CR-127 and 00-CR-44. For each of those cases, the Court also denies all other pending motions (Dkt. Nos. 213, 217, 218, 219 in Case No. 99-CR-127 and Dkt. Nos. 9, 21, 32, 34, 35, 37, 46, 47, 49 and 50 in

8

Case No. 00-CR-44) as moot. The Clerk of the Court is directed to close the associated civil cases, Case Nos. 08-CV-955 and 08-CV-953.

In addition, because the issues that petitioner raised here are not the kinds of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and thus denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk of the Court within thirty (30) days of the entry of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 29, 2010